AO 91 (Rev. 11/11) Criminal Complaint

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**

*February 19, 2025*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| United States of America<br>v.<br>Juan Carlos HURTADO-Escalera<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No.<br>**4:25-mj-0083** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 18, 2025__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 USC 922 (g)(5) | Possession of a firearm by a prohibited person, to wit: an alien illegally and/or unlawfully in the United States |

This criminal complaint is based on these facts:

See "Affidavit."

☑ Continued on the attached sheet.

*Complainant's signature*

DEA Special Agent Deonte Eanes
*Printed name and title*

Telephonically sworn to before me and signed.

Date: 02/19/2025

*Judge's signature*

City and state: Houston, Texas

Dena H. Palermo, US Magistrate Judge
*Printed name and title*

### AFFIDAVIT OF SPECIAL AGENT DEONTE EANES IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Special Agent Deonte Eanes, being duly sworn, deposes and states the following:

1. I, Deonte Eanes, am a Drug Enforcement Administration (DEA) Special Agent (SA) and I am assigned to the Houston, Texas Division Office. I have been a DEA SA since October of 2011. Prior to my service with DEA, I was a police officer for the City of Columbia, Missouri, for approximately 2.5 years.

2. In February of 2025, members of DEA group H-33 received information from a "Source of Information" (SOI) regarding a residence located at 6222 Cavalier Street in Houston, Harris County, Texas (the target location). This SOI is deemed reliable and credible, having worked with DEA officials for several years. The SOI related that a violent organized group of individuals (a home invasion crew) intended to either burglarize or execute a home invasion upon the target location in the imminent future. The SOI reported that the home invasion crew had identified the target location as a "drug stash house" and believed that the occupants were in possession of multi-kilogram amounts of drugs; the home invasion crew intended to steal these drugs.

3. On February 17, 2025, members of H-33 began conducting surveillance at the target location. During this surveillance, police observed another group of individuals—suspected members of a home invasion crew, *also* conducting surveillance in the area of the target location. Based on my training and experience, I know that home invasion crews often conduct surveillance upon the locations they intend to strike. During this surveillance, agents also determined that Nadia CASTRO (CASTRO) resided at the target location and that she drove a Lincoln SUV. The surveillance was terminated after several hours when no further suspicious activity was noted.

4. On the morning of February 18, 2025, the SOI reported that the home invasion crew was planning to "hit" the target location later that day. Concerned about the impending violence, members of H-33 recruited the assistance of the Houston Police Department (HPD) Narcotics Tactical Team (NTT) to establish surveillance in the area of the target location. While conducting this surveillance, police saw the Lincoln SUV at the target location. In addition, surveillance units observed at least three vehicles, a white Nissan SUV, a gray Toyota sedan, and red Hyundai, conducting surveillance of the target location. These vehicles not only conducted continuous fixed surveillance on the target location but maintained rolling surveillance on the Lincoln SUV when it drove from the residence and returned. As such, police suspected that these vehicles belonged to/were driven by members of the home invasion crew.

5. At approximately 3:30 p.m., the Lincoln SUV again drove from the target location. About forty-five minutes later, the Lincoln SUV returned to the target location. At this time, CASTRO, a male later identified as the defendant, **Juan Carlos HURTADO-Escalera,** and an infant were in the SUV. Given the totality of the circumstances and fearing potential

    violence from the home invasion crew at any time, officials decided to approach **HURTADO-Escalera** and **CASTRO** to warn them about the potential violence.

6. HPD Officer G. Lastra and HPD Officer Z. Mathis drove their marked patrol vehicle to the front of the target location as **HURTADO-Escalera** and **CASTRO** unloaded items from the rear of the SUV. Officers approached **HURTADO-Escalera,** immediately detecting the odor of fresh marijuana. Officer G. Lastra also noted that **HURTADO-Escalera** was visibly nervous/shaking when asked for his identification; **HURTADO-Escalera** admitted that he possessed no identification.

7. For officer safety, Officer G. Lastra then asked **HURTADO-Escalera** if he had any weapons. In response, **HURTADO-Escalera** stated, "Just her gun." Police asked **HURTADO-Escalera** where the weapon was located. **HURTADO-Escalera** advised that the weapon was in his waistband. Given the totality of the circumstances (information that the target location was a narcotics stash house; the surveillance by the suspected home invasion crew; the odor of narcotics; the presence of an infant; and so on) police detained **HURTADO-Escalera** and removed the weapon, a fully loaded 9mm Smith & Wesson pistol bearing serial number EHH6840, from his person. Shortly thereafter, Homeland Security Investigations (HSI) were contacted and advised that **HURTADO-Escalera**, a citizen of Mexico, is an alien currently in the United States of America illegally/unlawfully.

8. Based on the foregoing, your affiant respectfully submits that probable cause exists to believe that on February 18, 2025, **HURTADO-Escalera,** an alien, unlawfully possessed a firearm in violation of Title 18, United States Code, Section 922(g)(5).

                                      *[signature]*
                                      Deonte Eanes
                                      Special Agent
                                      Drug Enforcement Administration

Sworn to and subscribed before me telephonically the 19th day of February 2025, and I hereby find probable cause.

                                      *Dena Palermo*
                                      Dena H. Palermo
                                      U.S. Magistrate Judge
                                      Southern District of Texas